By the Court.—Ingraham, J.
The only exceptions in the case are to the denials of defendant’s motions to dismiss the complaint, made at the end of plaintiff’s testimony, and again at the end of the case. *360 The case was submitted to the jury. No exception was taken to the charge.
The only question presented is, whether on the whole case there was evidence to justify the jury in finding that the defendant was negligent and that the plaintiff was free from contributory negligence.
There was evidence tending to show that the car was being driven at the rate of five or six miles an hour. Plaintiff swore that he was crossing the street; that he could not see the 6car until he got in the middle of the track, when he discovered that the car was on him; that he jumped over by a box of crabs and the car struck him and knocked him over on the crabs.
The defendant’s driver swore that he saw the plaintiff standing in front of a fish box in the street. He crossed as far as the front of the box and when the car got to him he stopped as if to get some crabs. The driver put the brakes on and just touched him; that the driver saw the plaintiff when he was a block away. There was nothing between the plaintiff and the car.
It does not appear that the driver attempted to stop the car until he was close to the plaintiff, or that there was anything to prevent him from stopping the car before the plaintiff was struck.
On this testimony the court was justified in submitting the question of the defendant’s negligence to the jury. It was for the jury to say whether it was prudent to drive the car at the rate of speed that they find the car was driven around the corner in such a locality, and to consider in that connection the ordinance of the city of New York, which prescribed, that any person upon turning a corner upon any street in the city of New York, shall not ride or drive any horse or horses at a greater speed than at the rate of three miles an hour.
I also think that there was evidence that would justify the jury in finding that the plaintiff was free from negligence that contributed to the injury.
The rule that has been laid down in regard to persons *361 about to cross a track of a steam railroad, does not apply in equal strictness to a person about to cross a crowded street in a city which is used for a horse railroad. A person about to cross a city street has to protect himself against not only railroad cars, but also against wagons and trucks using the street, and while he is bound to be vigilant and cautious, I do not think it can be said to be contributory negligence, as matter of law, because he fails to see an approaching car.
It is for the jury to say whether, under all the circumstances, plaintiff was negligent.
Upon the whole case I think no error was committed, and that the judgment and order should be affirmed with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.